ELVIRA SINCLAIR, Respondent, v. LYDIA M. PURDY, as Administra-trix, etc., of ELIJAH F. PURDY, Deceased, and Others, Defend-ants, Impleaded with EDWIN G. COREY and Another, as Executors, etc., of ELVIRA PURDY, Deceased, and Another, Appellants, and JENNIE A. MAPES, Respondent.

GUY W. DALY, as Executor, etc., Petitioner.

First Department, October 23, 1925.

Partition — one of defendants died after interlocutory judgment entered — motion by executor of deceased party for permission to appeal and for substitution — final judgment may be entered after death of defendant under Civil Practice Act, § 478 — any person aggrieved may appeal as of right under Civil Practice Act, § 557, subd. 2 — motion for substitution denied as premature.

Where in a partition proceeding one of the defendants dies after entry of the interlocutory judgment, the final judgment may be entered under section 478 of the Civil Practice Act in the name of the original parties.

A motion by an executor of the deceased party made prior to the entry of final judgment, for his substitution in place of the deceased party, is premature and must be denied.

Upon the entry of final judgment the petitioner has the right to appeal under subdivision 2 of section 557 as a person aggrieved and he may then move to be substituted as a party, and upon his motion being granted, his appeal can be heard, but it will be necessary not only to substitute the petitioner as executor, devisee and beneficiary, but also to bring in all legatees named in the will of the deceased party as defendants.

MOTION by Guy W. Daly to be brought in as a party defendant as the executor and as devisee and beneficiary of and under the last will and testament of Jennie A. Mapes, deceased, with the right to continue and prosecute the action, and for permission to appeal to the Court of Appeals.

*C. F. Swart*, for the motion.

*George H. Corey*, opposed.

PER CURIAM:

Upon an appeal herein by the defendants Edwin G. Corey and another, as executors, etc., of Elvira Purdy, deceased, and another, from orders of the Supreme Court denying their motion to set aside a verdict and to dismiss the counterclaim of the defendant Jennie A. Mapes, and from parts of an interlocutory judgment of partition entered herein, this court by order entered on October 6, 1925, reversed said orders appealed from in certain respects, granted the motion to dismiss said counterclaim, and modified said interlocutory judgment. (See 213 App. Div. 439.)

The petition upon which this motion is submitted, by way of further relief, asks that said petitioner have the right to prosecute any appeal which the said Jennie A. Mapes might have prosecuted in her lifetime herein.

The order of this court determining the appeal and the judgment entered thereon being interlocutory, the said deceased party, if now living, would have no right of appeal unless the same were granted by this court upon motion therefor. So far as this present motion may be regarded as one for leave to appeal from the said order and interlocutory judgment, it should be denied. Any appeal that may be desired to be taken in this action should await entry of the final judgment herein, which, under authority of section 478 of the Civil Practice Act, may be entered in the name of the original parties, though the said Jennie A. Mapes, one of the parties to the action, has died after the interlocutory judgment was entered upon the order of this court.

Upon entry of said final judgment the petitioner, though not a party, yet being entitled by law to be substituted in place of said deceased party, and being aggrieved, may appeal as of right from said final judgment. (Civil Practice Act, § 557, subd. 2.) He may then move to be substituted as a party, and upon such motion being granted, his appeal can be heard.

This being an action in partition, it would be necessary, however, not only that the petitioner be substituted as executor, devisee and beneficiary under the will of said deceased party, but that all the legatees named therein be also brought in as defendants.

The motion for leave to appeal should be denied. The motion for substitution should be denied, with leave to renew after notice of appeal from the final judgment.

Present — CLARKE, P. J., DOWLING, MERRELL, McAVOY and MARTIN, JJ.

Motion denied, with leave to renew motion for substitution after notice of appeal from final judgment.